### STATE v. TENNY.

1. PLEADINGS.—INDICTMENT alleging "trespass after notice" is sufficient allegation of crime of "entry after notice."

2. SPARTANBURG—STATUTES CONSTRUED.—CONDEMNATION of property in city of Spartanburg for laying sewerage, etc., under act 23 Stat., 205, by five freeholders, under act 17 Stat., 439, is void because that act is repealed by act 18 Stat., 781, requiring twelve commissioners to assess such damages.

Before BUCHANAN, J., Spartanburg, January, 1900. Affirmed.

Prosecution in magistrate court for trespass after notice against G. O. Tenny and Earle Sanders. From sentence of guilty, defendants appeal.

*Messrs. Simpson & Bomar,* for appellants, cite: *As to the condemnation proceedings:* 17 Stat., 439; 18 Stat., 781; sec. 20, art. IX., Con. 1895.

*Solicitor T. S. Sease* and *Mr. Robert J. Gantt,* contra.

July 16, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from the judgment of the Circuit Court affirming the judgment of a magistrate's court, wherein the defendants were tried and sentenced under an affidavit and warrant, which (after amendment) charged the defendants on March 8th, 9th, 10th, 25th, and again on April 15th and 17th, 1899, with having "committed a trespass after notice by going on the land of deponent (S. S. Daniel) and cutting a ditch, &c."

The first and second exceptions, relating to the amendment of the affidavit, were taken under a misapprehension, and were not insisted on.

The fourth exception complains of the judgment on the ground that there is no such offense in this State as that charged. This exception is disposed of by the case of *State v. Hallback,* 40 S. C., 298, wherein an affidavit and warrant charging that defendant committed a trespass on land after notice, sufficiently alleged the offense of "entry on enclosed or unenclosed land of another, after notice from the owner or tenant prohibiting the same."

The third and fifth exceptions complain of error in excluding from the evidence a paper purporting to be a report of assessors of the city council of Spartanburg claiming to have been selected to assess the damage done to the property of Dr. S. S. Daniel, in which report the assessors found no damages to the property. The report was dated March 22, 1899, and was made pursuant to a notice by the said city council to S. S. Daniel, dated March 16, 1899, notifying him that the city council finds it necessary in constructing a system of sewerage to make excavations, to lay pipes, etc., across the said Daniel's lot, and requesting him to nominate two freeholders within ten days, who, together with two freeholders named by the city council, would select a fifth freeholder, to assess the damage that may be done to the premises. The report was signed by the five freeholders selected in accordance with said notice. This report was sought to be introduced in justification of

the entry by defendant on the prosecutor's land after notice forbidding the same. The magistrate rejected the evidence, holding the proceeding void on the ground that such board of assessors was not legally constituted, and this ruling was affirmed by the Circuit Court. The proceedings were taken under the act of December 24, 1880, 17 Stat., 439, incorporating the city of Spartanburg, which gave the city council power to lay out and open new streets in said city, and to close up, widen or otherwise alter streets, provided they shall first pay damages to the landowners, said damages to be fixed and determined by five freeholders of said town, two of whom shall be chosen by the said city council, two by the said landowner and the fifth by the persons so chosen. The act of December 24, 1884, 18 Stat., 781, entitled an "Act to provide a mode of procedure by which lands may be taken by cities and towns for streets, roads and highways for public use," required six freeholders to be appointed by the city authorities and six others by the landowner, to determine the damage, &c. The act of March 2, 1899, 23 Stat., 205, authorized the city council of Spartanburg to condemn private property for the establishment, &c., of a system of sewerage, "the same to be condemned and the compensation and damages therefor assessed as is now provided for by law for the opening or widening of streets." The act of 1884, *supra,* being a general act on the subject, and repealing expressly all acts repugnant thereto, operated to repeal so much of the act of 1880, *supra,* as related to the mode of assessing damages, &c. It follows that the proceedings under the act of 1880 were void, and could constitute no justification or defense even for entry on the prosecutor's land after such proceedings, much less for an entry previous to such proceedings. The evidence in this case was to the effect that the ditch was dug on the prosecutor's premises previous to the said proceedings to assess damages.

The judgment of the Circuit Court is affirmed.